**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**May 1, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

DAVID L. MILLER,

    Plaintiff - Appellee,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellant.

------------------------------

NATIONAL ASSOCIATION OF
BANKRUPTCY TRUSTEES,

    Amicus Curiae.

No. 21-4135
(D.C. No. 2:20-CV-00248-BSJ)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **CARSON**, **BALDOCK**, and **EBEL**, Circuit Judges.
_____

    This appeal arises out of a converted Chapter 7 bankruptcy filed in 2017. In 2014, the debtor, All Resorts Group, Inc., paid personal tax debts of two of its principals totaling $145,138.78 to the Internal Revenue Service. Plaintiff, the United States Trustee, brought

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

an adversary proceeding in the bankruptcy court against the United States pursuant to Code § 544(b)(1) to avoid these transfers. The "applicable law" on which the Trustee relied was now-former § 25-6-6(1) of Utah's Uniform Fraudulent Transfer Act (amended 2017), presently codified at Utah Code Ann. § 25-6-203(1) as part of Utah's Uniform Voidable Transactions Act.

The United States (Government) did not contest the substantive elements required for the actual creditor (in this case, an individual with an employment discrimination claim against the debtor) to establish a voidable transfer under § 25-6-6(1). The Government also acknowledged that the sovereign immunity waiver contained in Code § 106(a) made it amenable to the Trustee's § 544(b)(1) action. The Government did, however, contest § 544(b)(1)'s "actual creditor requirement," *i.e.*, that an actual creditor could succeed against the Government in a suit brought under § 25-6-6(1) outside of bankruptcy.

Specifically, the Government argued that an actual creditor could not avoid the debtor's tax payments made on behalf of its principals to the IRS because sovereign immunity would bar such creditor's action against the Government outside of bankruptcy. Therefore, the Trustee could not satisfy § 544(b)(1)'s actual creditor requirement and avoid the debtor's tax payments. The Trustee did not disagree that outside of bankruptcy and apart from Code § 544(b)(1), sovereign immunity would bar the actual creditor's suit against the Government. But, according to the Trustee, the waiver contained in Code § 106(a) abrogated sovereign immunity not only as to his § 544(b)(1) adversary proceeding against the Government, but also as to the underlying Utah state law cause of action he invoked under subsection (b)(1) to avoid the transfers.

2

On cross-motions for summary judgment, the bankruptcy court, in a thorough opinion, ruled in favor of the Trustee and avoided the transfers. The court held the Trustee had satisfied § 544(b)(1)'s actual creditor requirement because "§ 106(a)(1) unequivocally waives the federal government's sovereign immunity with respect to the underlying state law cause of action incorporated through § 544(b)[.]" *In re All Resorts Group, Inc.*, 617 B.R. 375, 394 (Bankr. D. Utah 2020). Accordingly, the bankruptcy court awarded the Trustee a judgment against the Government pursuant to 11 U.S.C. §§ 106(a)(3) and 550(a) in the amount of $145,138.78. On appeal to the district court, the court adopted the bankruptcy court's decision and affirmed its judgment. *United States v. Miller*, No. 20-CV-248-BSJ, Order (D. Utah Sept. 8, 2021). The Government subsequently appealed to this court to address an issue—the scope of Code § 106(a)'s waiver of sovereign immunity as it bears on Code § 544(b)(1)—that has split our sister circuits.

On June 27, 2023, we issued a published opinion affirming the judgment of the district court. On January 29, 2024, the Government filed a *Petition for a Writ of Certiorari* in the United States Supreme Court. Subsequently, the Supreme Court granted certiorari and reversed our judgment. In doing so, the Court held that, although Section 106(a) of the Bankruptcy Code abrogates sovereign immunity for the federal cause of action created by §544(b), it does not take the additional step of abrogating sovereign immunity for whatever state-law claim supplies the "applicable law" for a trustee's §544(b) claim. *United States*

*v. Miller*, 145 S. Ct. 839 (2025). Accordingly, we reverse the judgment of the district court, and remand for further proceedings consistent with the Supreme Court's opinion.

Entered for the Court,

Per Curiam